JOURNAL ENTRY and OPINION
Michael Horvath appeals from a judgment of the Rocky River Municipal Court finding him guilty of driving while under the influence of alcohol. Horvath challenges on appeal the denial of his motion to suppress evidence based on his claim that the arresting officer had no reasonable, articulable suspicion to stop his vehicle and no probable cause to arrest him. Our review of the record indicates no error, and we therefore affirm the decision of the trial court.
The record reveals that in the early morning hours of February 25, 2001 around 3:09 a.m., Patrolman Kraig Witalis operated his police cruiser westbound on Interstate 90 in the City of Rocky River following a vehicle weaving and crossing over to the left lane several times. After he followed that vehicle for one-quarter of a mile, he pulled the vehicle over for a traffic stop. The driver, Michael Horvath, had glassy, bloodshot eyes and spoke in a mumbled voice. Witalis detected a slight odor of alcohol emanating from Horvath's person and a strong smell of cologne coming from the vehicle. Witalis then administered two dexterity tests with Horvath sitting in the car: a Finger Coordination test asking Horvath to touch each finger to his thumb, which Witalis found Horvath failed to satisfactorily perform; and an alphabet test, during which Horvath correctly recited the alphabet from H to Z, although Witalis had instructed him to recite the sequence only from H to V. After directing Horvath to exit his vehicle, Witalis administered a series of field sobriety tests: a Rhomberg Balance Test, during which Witalis observed Horvath's eyes flutter and his body sway; a Standing Alphabet Test, during which Horvath swayed but correctly recited the alphabet; and a Finger to Nose Test, during which Horvath also swayed but properly performed. In addition to those tests, Witalis administered several standardized National Highway Traffic Safety Administration ("NHTSA") tests: the One Legged Stand Test and the Nine Step Walk and Turn Test, on both of which he found Horvath's performance unsatisfactory. Finally, Witalis administered the Horizontal Gaze Nystagums ("HGN") Test, and, after observing Horvath exhibit all six indicators of intoxication, he placed Horvath under arrest for DUI and brought him to the Rocky River Police Station for a breathalyzer test, which showed Horvath to have 0.167 of breath alcohol concentration. During booking, Horvath admitted he consumed three beers that night, although he denied having any drinks since lunch that day when initially questioned by Officer Witalis.
Horvath received a citation for driving while under the influence of alcohol, having 0.167 of breath alcohol concentration, and operating a vehicle outside of marked lanes. Subsequently, he filed a motion to suppress, challenging the admissibility of the evidence on the ground that the arresting officer did not have reasonable, articulable suspicion to stop his vehicle, lacked probable cause to arrest him, and failed to administer the field sobriety tests in compliance with the uniform procedures promulgated by the National Highway Traffic Safety Administration. Horvath also challenged the fact that the testing officer did not observe him for the requisite twenty minutes prior to the administration of the breathalyzer test.
At the evidentiary hearing, Patrolman Witalis testified that he observed Horvath's vehicle veer about twelve to eighteen inches into the left lane three times within the distance of a quarter mile. He also stated that he has certifications in field sobriety testing, has been trained in HGN testing and has performed that test numerous times during his five years as a Rocky River Police Officer.
Horvath testified that he had consumed three beers and six non-alcoholicbeers at a party on the night of his arrest and that he encountered strong winds on the road that evening; he denied, however, that he weaved into the left lane before Patrolman Witalis stopped his vehicle.
The court found Patrolman Witalis had a reasonable, articulable suspicion to effect the traffic stop and probable cause to arrest Horvath for operating a motor vehicle under the influence of alcohol. The court, however, excluded the evidence regarding the three standardized tests approved by NHTSA — the Walk and Turn Test, the One Legged Stand Test, and the HGN test — because of the officer's failure to strictly comply with NHTSA test administration, but it admitted the evidence regarding the non-NHTSA tests. The court also admitted the breath alcohol concentration test result, finding that the testing officer substantially complied with the pre-test twenty-minute observation requirement.
Thereafter, Horvath entered a plea of no contest to the DUI charge and the court found him guilty of that offense. Horvath now appeals raising two assignments of error, which we address together as they both relate to the court's denial of his motion to suppress evidence. They state:
 I. THE ARRESTING OFFICER DID NOT HAVE REASONABLE ARTICULABLE SUSPICION TO BELIEVE APPELLANT WAS VIOLATING ANY TRAFFIC LAW PRIOR TO PULLING HIM OVER.
 II. THE TRIAL COURT ERRONEOUSLY CONCLUDED THAT [THE] ARRESTING OFFICER HAD PROBABLE CAUSE TO BELIEVE APPELLANT WAS DRIVING UNDER THE INFLUENCE OF ALCOHOL.
On appeal, Horvath challenges the court's findings that Patrolman Witalis had a reasonable, articulable suspicion to stop his vehicle and probable cause to arrest him. The issue for our review concerns then whether the court erred in these findings.
When considering a motion to suppress, a trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Mills (1992), 62 Ohio St.3d 357,366, 582 N.E.2d 972. Accordingly, a reviewing court must defer to the trial court's findings of fact and conclusions of law if competent and credible evidence exists to support the trial court's findings. See Statev. Smith (1997), 80 Ohio St.3d 89, 105, 684 N.E.2d 668.
Furthermore, the state's burden of proof on a motion to suppress evidence is by preponderance of the evidence. See Athens v. Wolf (1974),38 Ohio St.2d 237, 313 N.E.2d 405.
Regarding the propriety of an investigatory stop, the court in Statev. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271, reiterated the standard as provided in Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868:
 In Terry, the United States Supreme Court held that a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In assessing that conclusion, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."
Further, the propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. See State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.
Here, Patrolman Witalis testified that, at 3:09 a.m., he observed Horvath's vehicle veer twelve to eighteen inches into the left lane several times within a one-quarter mile. Applying the standard for a lawful investigatory stop, we conclude that this testimony constituted specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warranted the traffic stop.
As to probable cause for arrest in a DUI case, the court in State v.Homan (2000), 89 Ohio St.3d 421, 732 N.E.2d 952, reiterated the following standard:
 In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. * * * In making this determination, we will examine the "totality" of facts and circumstances surrounding the arrest. (Citations omitted.)
Regarding the specific issue of using field sobriety test performance as basis for probable cause in DUI cases, Homan held that in order for the results of such tests to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures. Id. at 424. The court, however, provided the following additional analysis in this connection:
 While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance.
There, the court referenced that prior to arresting Homan, the state trooper had witnessed his vehicle veering left of center twice; he also smelled a strong odor of alcohol on Homan's breath and observed his eyes to be red and glassy.
Here, the arresting officer failed to administer the three NHTSA tests in strict compliance with the standardized procedures as required byHoman; hence, the trial court correctly determined that those test results cannot form the basis of probable cause to arrest Horvath. The non-NHTSA tests administered by Officer Witalis to Horvath, under Homan,
also cannot serve as basis of probable cause to arrest because they are not tests approved by NHTSA, nor have they been shown to consist of standardized procedures.
As the court explained in Homan, however, probable cause to arrest does not necessarily have to be based on a suspect's poor performance on sobriety tests. Here, the record contains testimony that Officer Witalis observed Horvath veer twelve to eighteen inches into the left lane several times within a quarter mile distance at 3:09 a.m. and that he had glassy, bloodshot eyes, spoke with a mumbled voice, and emitted an odor of alcohol. From the totality of those circumstances, the officer had information sufficient to cause a prudent person to believe that Horvath was driving under the influence of alcohol.
Because this record contains competent and credible evidence in support of the court's findings that the city proved by a preponderance of evidence that the arresting officer had a reasonable, articulable suspicion for stopping Horvath's vehicle and probable cause to arrest him, we have determined that the trial court did not err in its findings. Accordingly, we overrule Horvath's assignments of error and affirm the judgment of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and KENNETH A. ROCCO, J. CONCUR